## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **REACH ENERGY, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.:  4:17-cv-00646** |
| **CONTINENTAL CASUALTY** | § | |
| **COMPANY** | § | |
| **AND SEAN SMITH,** | § | |
| **Defendants.** | § | |
| | § | |

### CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT JUDGES
FOR THE NORTHERN DISTRICT OF TEXAS

Pursuant to 28 U.S.C. Sections 1332 and 1441, and in accordance with the procedures specified under 28 U.S.C. §1446(a), and LR 81.1 of the Local Rules of the United States District Court for the Northern District of Texas, Defendant Continental Casualty Company, defendant in Cause No. 067-292519-17, pending in the 67th Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy.  Continental respectfully shows:

## I.    INTRODUCTION

1.    On June 7, 2017, Reach Energy, LLC filed its *Plaintiff's Original Petition* that commenced the matter styled *Reach Energy, LLC v. Continental Casualty Company and Sean Smith,* which was assigned Cause Number 067-292519-17 in which Reach asserts Continental wrongfully denied its claim for wind and hail damages to its building under a commercial property insurance policy issued by Continental that Reach alleges occurred on May 1, 2015. Reach also asserts various boilerplate claims against both defendants under the Texas Insurance

Code.  Reach failed to provide the statutorily-required 60-day pre-suit notice of its insurance code claims to either Continental or, on information and belief, to Sean Smith.

2.          Reach served Continental's registered agent with citation and its *Plaintiff's Original Petition* on July 12, 2017.  To date, however, there is no indication that Reach has served Sean Smith with process.[1]  Continental files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).  In addition, the notice of Removal is being filed within one year of the commencement of this action.

3.          All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a), and are submitted along with Continental's Index of State Court Documents as required by 28 U.S.C. §1446(a) and LR 81.1 of the Local Rules.  A copy of this Notice of Removal is also concurrently being filed with the state court and served upon Reach.

## BASIS FOR REMOVAL

4.          Removal is property based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a) and 1446.

### The Correct Parties are of Diverse Citizenship

5.          On information and belief, Reach Energy, LLC is a Texas limited liability company that is managed by managers.  On further information and belief, Leach C. Andrew was is the manager of Reach Energy, and he resides in Spring, Texas.  On further information and belief, Kenneth A. Watson is a director and/or president of Reach Energy, LLC and he resides in Arlington, Texas; Steve Houle is a director and/or the executive director of Reach

---

[1]          *See* the 67th Judicial District Court's Transaction Sheet for Cause No. 067-292519-17, which is included with the Index of Documents Filed.

Energy, LLC, and he resides is Arlington, Texas; and Jimmie Watson is a director and/or the vice president of Reach Energy, LLC, who resides in Arlington, Texas.

6.      Continental Casualty Company is an insurance company domesticated in the State of Illinois and has its principal place of business in the State of Illinois.   Continental therefor is not a citizen of the State of Texas for diversity purposes.

7.      With respect to defendant Sean Smith, it is Continental's position that in an attempt to avoid removal to this Court, Reach has improperly joined an allegedly non-diverse defendant (Sean Smith) solely for the purpose of destroying diversity and avoiding removal.  It is Continental's position that Sean Smith has been improperly join in this action, and therefore his citizenship should be disregarded for purposes of evaluating diversity in this matter.

### Sean Smith is Improperly Joined and Should be Dismissed

8.      The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper joinder of that party.[2]  Although some federal courts in Texas have previously split on the issue as to whether the Texas "fair notice" standard or the federal pleading standard should apply when evaluating a state court petition to determine if there is a sufficient factual and legal basis for claims against a non-diverse party, the United States Court of Appeals for the Fifth Circuit has recently clarified that the federal pleading standard, not a state pleading standard, applies to determine whether a non-diverse defendant has been improperly joined.[3]

---

[2]      *See, e.g., Rodriguez v. Metropolitan Lloyds Insurance Company of Texas,* Civil Action No. 5:15-CV-143-C, 2015 WL 12699855 (N.D.Tex. July 27, 2015) (slip opinion).

[3]      *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 208 (5th Cir. 2016) (abrogating three post-*Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading standard).

9.      "Factual allegations must be enough to raise a right to relief above the speculative level."[4]   Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[5]   A pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," such as Reach's *Plaintiff's Original Petition*, is not sufficient and must be dismissed.[6]

10.      Applying this rationale, Reach's *Plaintiff's Original Petition* fails to state a plausible claim against Sean Smith that could give him fair notice of the claims against him under the applicable pleading standard.[7]   Here, Reach's pleading fails to make a "factual fit" between its asserted theories of recovery against Mr. Smith and its allegations.[8]   The petition allegations that purport to support the insurance code violations asserted against Mr. Smith (and Continental Casualty) and that Mr. Smith "conducted an outcome-oriented investigation" are conclusory and not adequate to support those claims against him.[9]   Those allegations: (i) are in sum formulaic recitations of the insurance code provisions without any factual content to support those recitations, and (ii) they are subsumed within and inextricable to the claims adjusting at

---

[4]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

[5]      *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[6]      *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7]      *Twombly*, 550 U.S. at 565.

[8]      *See, e.g., Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999) ("[W]hether plaintiff states valid state law cause of action depends upon and is tied to the factual fit between plaintiffs' allegations and the pleaded theory of recovery.").

[9]      *Griggs,* 181 F.3d at 702 (insurance code requires proof that defendant's conduct was the cause in fact of actual damages.) (citation omitted).

issues and are not actionable otherwise against Mr. Smith.[10] Simply put, vague and conclusory allegations cannot establish a plausible right to recovery against Mr. Smith.[11]

11.     And because Mr. Smith is an improperly joined defendant, his consent to this removal is not required.[12]

**Amount in Controversy is Alleged to Exceed $75,000.**

12.     Although Reach has failed to satisfy the notice requirements mandated by the Texas Insurance Code by failing to provide pre-suit notice of the actual damages being claimed, the amount in controversy for diversity jurisdiction nevertheless is satisfied in this case because Reach's *Plaintiff's Original Petition* states that the amount in controversy in this matter is "over $200,000, but not more than $1,000,000."

<h3 align="center">TIMELINESS OF REMOVAL</h3>

13.     Section 1446(b) directs that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise [of the complaint and summons]."[13]   Continental's agent for service, CT Corporation System, was served with citation and its *Plaintiff's Original Petition* on July 12, 2017.  To date, however,

---

[10]     *See, e.g., Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer.").

[11]     *See, e.g., Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Messersmith v. Nationwide Mut. Fire Ins. Co*., 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

[12]     *See, e.g., Ramos v. Allstate Tex. Lloyd's,* 2010 WL 2472262, * 2 (S.D.Tex. June 15, 2010) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993)); Wofford v. AllState Tex. Lloyd's, Civil Action No. 4;10-cv-00776, 2010 WL 2331361, *4 (S.D.Tex. June 09, 2010).

[13]     28 U.S.C. § 1446(b).

there is no indication that Reach has served Sean Smith with process. Therefore, this action is timely removed.

### VENUE

14.     Venue is proper in this district under 28 U.S.C. §1441(a) because the 67th Judicial District Court of Tarrant County, Texas, from which court the removed action was commenced, is included within this district and division.

### WRITTEN NOTICE OF REMOVAL

15.     In compliance with 28 U.S.C. §1446(d), following the filing of this Notice, National Fire will promptly file with the 67th Judicial District Court of Tarrant County, Texas a written notice of this removal that includes a file-stamped copy of this Notice.  In addition, as indicated below, a copy of this Notice will be provided to counsel for Reach.

### LIST OF ALL COUNSEL OF RECORD AS OF THE FILING OF THIS NOTICE

16.     Counsel of record for Reach Energy, LLC is:

Perry Dominguez, Esq.
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: 210.490.7402
Facsimile:  210.490.8372
perry@krwlawyers.com

17.     Counsel for Continental Casualty Company is:

Pamela Dunlop Gates
CNA COVERAGE LITIGATION GROUP
Plaza of the Americas
700 North Pearl Street, Suite 450
Dallas, Texas 75201
214.220.5900 – Telephone
214.220-5921 – Direct Dial
214.220-5902 – Facsimile
pamela.dunlopgates@cna.com

## CONCLUSION

This notice of removal is respectfully submitted as proper under 28 U.S.C. § 1441(a) and 28 U.S.C. §1332(a), timely under 28 U.S.C. §1446(b), and filed in accordance with the procedures specified under 28 U.S.C. §§1446(a) and (d) and this Court's LR 81.

Date:   August 4, 2017

Respectfully submitted,

By:   /s/ Pamela Dunlop Gates
    Pamela Dunlop Gates
    State Bar No. 06239800
CNA COVERAGE LITIGATION GROUP
Plaza of the Americas
700 North Pearl Street, Suite 450
Dallas, Texas 75201
214. 220.5900 – Telephone
214.220.5921 – Direct Dial
214. 220.5902 – Telecopy
pamela.dunlopgates@cna.com
ATTORNEY FOR CONTINENTAL CASUALTY COMPANY

## CERTIFICATE OF SERVICE

The undersigned, does hereby certify that on August 4, 2017, the foregoing *Continental Casualty Company's Notice of Removal* was electronically filed was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following if a registered ECF filer in the United States District Court for the Northern District of Texas.  The undersigned further certifies that on August 7, 2017, she caused a true and correct copy of the foregoing *Continental Casualty Company's Notice of Removal* to be served on the following as indicated below:

Perry Dominguez, Esq.
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: 210.490.7402
Facsimile:  210.490.8372
perry@krwlawyers.com
ATTORNEYS FOR REACH ENERGY, LLC
(*Served via email to dperry@krwlawyers.com*)

    /s/ Pamela Dunlop Gates
    Pamela Dunlop Gates