FILED
TARRANT COUNTY
6/7/2017 9:57:40 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 067-292519-17

| | | |
|---|---|---|
| REACH ENERGY, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| CONTINENTAL CASUALTY | § | |
| COMPANY | § | |
| AND SEAN SMITH | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff  REACH ENERGY, LLC, files this Original Petition against CONTINENTAL CASUALTY COMPANY ("CNA" or the "INSURANCE DEFENDANT"), and SEAN SMITH ("SMITH" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

## II.
## PARTIES AND SERVICE

Plaintiff resides in Tarrant County, Texas.

Defendant CNA is in the business of insurance in the State of Texas.  The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent C T Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136, or wherever else he may be found.

Defendant, SEAN SMITH, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 302 Caladium Ct, Mansfield, Texas  76063, or wherever else  may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas and the Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.00



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

## IV.
## <u>FACTS</u>

Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1905 East Abram Street, Arlington, Texas 76010 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about May 1, 2015 under Policy No. B4031040221 and Claim No. E2D37666PS, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy.  INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions

3



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT'S conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

4



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

## V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.     BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.     UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.


A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VI.**
**CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

**A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs.   At all pertinent times, SMITH, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

8



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to SEAN SMITH who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about March 23, 2016 and sent Plaintiff a denial letter on May 4, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Smith, ignored covered damages including but not limited to the roof, insulation, black or galvanized pipe, roof drain, drain line, pipe jack, exhaust cap, skylight and air conditioning unit. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a denial letter without a repair estimate, completed on or about May 4, 2016, which denied the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss.  As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause

10


A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff.  Specifically, DEFENDANTS, ignored covered damages including but not limited to the roof, insulation, black or galvanized pipe, roof drain, drain line, pipe jack, exhaust cap, skylight and air conditioning unit.  These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER

13


A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.  This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession.  Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

14



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

## XIV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY: __*/s/Perry Dominguez*_____
Perry Dominguez
State Bar No. 24055414
perry@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

**KRW**

KETTERMAN | ROWLAND | WESTLUND

**ATTORNEYS AT LAW**

Kevin S. Baker TX
Philip G. Bernal* TX
Perry J. Dominguez II TX
Taylor W. Harper TX
Joshua S. Hatley TX
Kris Hufstetler TX
David M. Kelner PA, NY, NJ

Matthew D. Ketterman TX, MN
Brennan M. Kucera TX, LA
Desiree Marrufo TX
Chris Mazzola TX
Jay Moore TX
Robert F. Mulhearn III LA
Robert A. Pollom TX

Rodney R. Potter TX
Jake S. Rogiers TX
Michael R. Rowland TX
Brian C. Steward* TX
Cole Thompson TX
Ryan A. Todd TX, DC
R. Scott Westlund TX

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

June 7, 2017

Tarrant County District Clerk
100 N. Calhoun Street
Fort Worth, Texas 76196

*Via First Class Mail*

  **RE: Reach Energy, LLC v. Continental Casualty Company and Sean Smith**

Dear Sir or Madam:

  With regard to the above referenced matter, please issue two (2) citations for service on the following Defendant:

    **Continental Casualty Company**
    **By serving its registered agent**
    **CT Corporation System**
    **1999 Bryan Street Suite 900**
    **Dallas, Texas 75201**

    **Sean Smith**
    **302 Caladium Court**
    **Mansfield, Texas 76063**

  The fee for said citation was satisfied with the filing of Plaintiff's Original Petition.

  Enclosed is a file-stamped copy of Plaintiff's Original Petition, along with a pre-paid stamped envelope for the return of the citations. We will perfect service by private process.

  Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

    Respectfully,

    /s/Wendy Perez

    Wendy Perez
    Legal Secretary
    San Antonio Office



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

| MAIN OFFICE - SAN ANTONIO | ABILENE | AUSTIN | BEAUMONT | HOUSTON | LAKE CHARLES | PHILADELPHIA |
|---|---|---|---|---|---|---|
| 16500 SAN PEDRO #302 | 104 PINE ST STE 304 | 701 BRAZOS ST #710 | 755 S 11TH ST #270 | 4801 WOODWAY #155 | 427 KIRBY ST | 1500 JFK BLVD #1730 |
| SAN ANTONIO, TX 78232 | ABILENE, TX 79601 | AUSTIN, TX 78701 | BEAUMONT, TX 77701 | HOUSTON, TX 77056 | LAKE CHARLES, LA 70601 | PHILADELPHIA, PA 19102 |
| P: (210) 490-4357 | P: (325) 437-2424 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 |
| F: (210) 490-8372 | F: (325) 437-3837 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 |

KRWLAWYERS.COM

FILED
TARRANT COUNTY
7/18/2017 10:29 AM
THOMAS A. WILDER
DISTRICT CLERK

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

ORIGINAL

*CITATION*                                    *Cause No. 067-292519-17*

REACH ENERGY, LLC
VS.
CONTINENTAL CASUALTY COMPANY, ET AL

TO: CONTINENTAL CASUALTY COMPANY

B/S REG AGENT- C T CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX
75201-3136

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

REACH ENERGY LLC

Filed in said Court on June 7th, 2017 Against
CONTINENTAL CASUALTY COMPANY, SEAN SMITH

For suit, said suit being numbered 067-292519-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

PERRY DOMINGUEZ
Attorney for REACH ENERGY LLC Phone No. (210)490-7402
Address    16500 SAN PEDRO STE 302 SAN ANTONIO, TX 78232

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 12th day of June, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN  *06729251917000005*
Received this Citation on the __7__ day of __JULY__ __2017__ at __2:00__ o'clock __P__ M; and executed at
__1999 BRYAN, #900__ within the county of __DALLAS__ , State of __TEXAS__ at __9:24__ o'clock __A__ M
on the __12__ day of __JULY__ __2017__ by delivering to the within named (Def.) __CONTINENTAL CASUALTY__
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: __Eloy Bravo__
County of __DALLAS__   State of __TEXAS__  By _____ Deputy

Fees $_____
State of _____   County of _____   (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____ , State of _____

A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow



7017 1000 0000 3714 2243

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Certified Mail Fee $3.35

Total Postage and Fees $7.71

Postage $1.61

1. Article Addressed to:

CONTINENTAL CASUALTY
CT CORPORATION
1999 BRYAN, # 900
DALLAS, TEXAS 75201

9590 9402 3083 7124 7399 55

2. Article Number (Transfer from service label)
7017 1000 0000 3714 2243

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        ANTHONY FERRARA Deputy

PERRY DOMINGUEZ
Attorney for: REACH ENERGY LLC
Phone No. (210)490-7402
ADDRESS: 16500 SAN PEDRO STE 302

        SAN ANTONIO, TX 78232

*CIVIL LAW*



*06729251917000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

067-292519-17

FILED
TARRANT COUNTY
8/18/2017 10:29 AM
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                    *Cause No. 067-292519-17*

REACH ENERGY, LLC
VS.
CONTINENTAL CASUALTY COMPANY, ET AL

TO: CONTINENTAL CASUALTY COMPANY

B/S REG AGENT- C T CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX
75201-3136

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

REACH ENERGY LLC

Filed in said Court on June 7th, 2017 Against
CONTINENTAL CASUALTY COMPANY, SEAN SMITH

For suit, said suit being numbered 067-292519-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

PERRY DOMINGUEZ
Attorney for REACH ENERGY LLC Phone No. (210)490-7402
Address    16500 SAN PEDRO STE 302 SAN ANTONIO, TX 78232

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 12th day of June, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

**OFFICER'S RETURN** *06729251917000005*

Received this Citation on the ___7___ day of __July__ ___2017___ at __2:00__ o'clock __P__ M; and executed at
__1999 Bryan, #900__ within the county of __Dallas__ , State of __Texas__ at __9:24__ o'clock __A__ M
on the __12__ day of __July__ __2017__ by delivering to the within named (Def.) __Continental Casualty__
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIG
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: __Eloy Bravo__
County of __Dallas__     State of __Texas__   By _____

A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                      County of _____ , State of _____



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

Certified Mail Fee  $3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $_____
☐ Return Receipt (electronic)    $_____
☐ Certified Mail Restricted Delivery  $_____
☐ Adult Signature Required       $_____
☐ Adult Signature Restricted Delivery  $_____

Postage  $1.61

Total Postage and Fees  $6.71

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONTINENTAL CASUALTY
CT CORPORATION
1999 BRYAN, # 900
DALLAS, TEXAS 75201

9590 9402 3083 7124 7399 55

2. Article Number (Transfer from service label)
7017 1000 0000 3714 2243

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
JUL 1 2 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    ANTHONY FERRARA Deputy

PERRY DOMINGUEZ
Attorney for: REACH ENERGY LLC
Phone No. (210)490-7402
ADDRESS: 16500 SAN PEDRO STE 302

SAN ANTONIO, TX 78232

*CIVIL LAW*



*0672925191700005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 08/01/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Candace Biglow

067-292519-17

FILED
TARRANT COUNTY
8/4/2017 8:07 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO.  067-292519-17

| | | |
|---|---|---|
| **REACH ENERGY, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **CONTINENTAL CASUALTY** | § | |
| **COMPANY** | § | |
| **AND SEAN SMITH,** | § | |
| | § | |
| **Defendants.** | § | **67TH JUDICIAL DISTRICT** |

### CONTINENTAL CASUALTY COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Continental Casualty Company hereby answers Reach Energy, LLC's *Plaintiff's Original Petition* as follows:

### I.     ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Continental generally denies each and every allegation contained within *Plaintiff's Original Petition*, and demands strict proof thereof.

### II.     AFFIRMATIVE DEFENSES

2.1     There is no coverage under the Policy to the extent Reach seeks recovery for loss of or damage to property that is not covered property, or that was not caused by or the result of a covered cause of loss, or is otherwise excluded under the Policy.

2.2     The Policy provides no coverage loss or damage caused by, among other things, wear and tear, rust, and corrosion.  The Policy states in relevant part:

BUSINESSOWNERS
SPECIAL PROPERTY COVERAGE FORM

Various provisions of this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we," "us" and "our" refer to the company providing the insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION G – Property Definitions, and SECTION H – Malicious Code, System Penetration, and DENIAL OF SERVICE DEFINITIONS.

\* \* \* \*

B.     Exclusions

\* \* \* \*

2.     We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \* \*

d.     Other Types Of Loss
(1)     Wear and tear;
(2)     Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
(3)     Smog;
(4)     Settling, cracking, shrinking or expansion;
(5)     Nesting or infestation, or discharge.

2.3     The Policy provides no coverage loss or damage caused by faulty, inadequate, or defective design, workmanship, repair, construction, renovation, remodeling, grading, or compaction, or caused by faulty, inadequate, or defective materials used in repair, construction renovation, or caused by faulty, inadequate, or defective maintenance of part or all of any property on or off the described premises.  The Policy states in pertinent part:

BUSINESSOWNERS
SPECIAL PROPERTY COVERAGE FORM

Various provisions of this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we," "us" and "our" refer to the company providing the insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION G – Property Definitions, and SECTION H – Malicious Code, System Penetration, and DENIAL OF SERVICE DEFINITIONS.

\* \* \* \*

B.     Exclusions

\* \* \* \*

3.     We will not pay for loss or damage caused by or resulting from any of the following Paragraphs a. through c.  But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\* \* \* \*

c.     Negligent Work

Faulty, inadequate or defective:

(1)     Planning, zoning, development, surveying, siting;

(2)     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3)     Materials used in repair, construction, renovation or remodeling; or

(4)     Maintenance;

of part or all of any property on or off the described premises.

\* \* \* \*

2.4     In addition to there being no coverage under the Policy to the extent exclusions, terms, conditions, and/or provisions of the Policy apply to bar coverage, including but not limited to those terms, conditions, exclusions, and provisions addressed separately herein, coverage may be further limited by Policy conditions and/or limitations to coverage.  Continental Casualty asserts all terms, conditions, limitations, limits, and provisions of the Policy by referenced as if copied herein in its entirety.  By way of example, the following provision limits coverage under the Policy:

BUSINESSOWNERS
SPECIAL PROPERTY COVERAGE FORM

Various provisions of this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we," "us" and "our" refer to the company providing the insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION G – Property Definitions, and SECTION H – Malicious Code, System Penetration, and DENIAL OF SERVICE DEFINITIONS.

\* \* \* \*

4.     Limitations

\* \* \* \*

a.     We will not pay for loss of or damage to:

(1)     The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet or ice whether driven by wind or not, unless:

(a)     The building or structure first sustains actual damage to the roof or walls by wind or hail and then we will pay only for the loss to the "interior of the building or structure" or the personal property in the building or structure that is caused by rain, snow, sleet, sand or dust entering the building(s) or structure(s) through openings in the roof or walls made by direct action of wind; or

(b)     The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

2.5     There is no coverage under the Policy to the extent the loss the subject of this lawsuit arose from conditions, perils, or hazards that had already occurred.

2.6     The declarations and other provisions of the Policy provide limits of insurance for various covered losses or damages.  In the event Continental Casualty is determined to be liable for amounts above and beyond the amounts it already has paid regarding the loss the subject of

this lawsuit, which liability is expressly denied, Continental Casualty's liability is limited to such policy limits and further limited to no more than your financial interest in the Covered Property. To the extent Plaintiff seeks recovery in excess of those limits, there is no coverage.

2.7     The Policy provides that a disagreement as to the amount of the loss may be submitted to binding appraisal as provided under the Policy.  Such appraisal is without prejudice to Continental's right to deny the claim.  Continental specifically reserves the right to submit any disagreement as to the amount of the claimed loss to binding appraisal as provided under the Policy.

2.8     The Policy provides for payment subject to various deductibles in the event of a covered loss.  In the event Continental is determined to be the loss the subject of this lawsuit, Continental Casualty's liability is limited by such deductible(s).

2.9     Because Continental has not breached the policy, Plaintiff's extra-contractual claims are barred as a matter of law.

2.10     Continental reserves the right to amend and/or supplement its answer with additional defenses, including all policy terms, conditions, limitations, and exclusions, as facts are developed and discovery of this lawsuit proceeds

## REQUEST FOR RELIEF

Continental, having answered *Plaintiff's Original Petition* and having denied that Reach is entitled to the relief sought or to any relief whatsoever against Continental, respectfully asks the Court to deny all relief that Reach requests and enter a take nothing judgment against Reach, assess costs against Reach, and grant Continental such other relief to which it may be entitled in equity or law.

Date:   August 4, 2017

Respectfully submitted,

By:   ___/s/ Pamela Dunlop Gates_____
    Pamela Dunlop Gates
    State Bar No. 06239800
CNA COVERAGE LITIGATION GROUP
Plaza of the Americas
700 North Pearl Street, Suite 450
Dallas, Texas 75201
214. 220.5900 – Telephone
214.220.5921 – Direct Dial
214. 220.5902 – Telecopy
pamela.dunlopgates@cna.com
**ATTORNEY FOR CONTINENTAL CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

The undersigned does certify that on August 4, 2017, the foregoing *Continental Casualty Company's Verified Plea in Abatement to Abate* was electronically filed, as required by the Texas Supreme Court and the Tarrant County District Clerk, using third-party e-file vendor ProDocs, which has been directed to provide notice of this filing and a copy this document to the following as indicated, which such service is in accordance with the Texas Rules of Civil Procedure.

Perry Dominguez, Esq.
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: 210.490.7402
Facsimile:  210.490.8372
perry@krwlawyers.com
**ATTORNEYS FOR REACH ENERGY, LLC**
(*Served via email to dperry@krwlawyers.com*)

            _____/s/ Pamela Dunlop Gates_____
            Pamela Dunlop Gates

```
                      TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:     1
JIMSGTM8                ALL TRANSACTIONS FOR A CASE               Date: 08/02/2017
                                                                 Time: 08:03
```

```
┌─────────────────────────────────────────────────────────────────────────────┐
│          Cause Number: 067-292519-17    Date Filed: 06/07/2017                │
│    REACH ENERGY, LLC                │ v │   CONTINENTAL CASUALTY COMPANY,      │
│                                     │ s │   ET AL                             │
│          Cause of Action: CONTRACT, CONSUMER/DTPA                             │
│          Case Status·····: PENDING                                            │
├────┬───────────┬────────────────────────────────────────────────┬────────────┤
│ #  │ Filemark  │ Description                                     │  Fee Total │
├────┼───────────┼────────────────────────────────────────────────┼────────────┤
```

| #  | Filemark | Description | | Fee Total |
|----|----------|-------------|------|-----------|
| 1  | 06/07/2017 | PLTF'S ORIG PET | NI | 284.00 |
| 2  | 06/07/2017 | COURT COST (PAID) trans #1 | Y | 284.00 |
| 3  | 06/07/2017 | CIVIL CASE INFO SHEET | UI | 0.00 |
| 4  | 06/07/2017 | LTR RE: CIT ISSUANCE | I | 0.00 |
| 5  | 06/07/2017 | CIT-ISSUED ON CONTINENTAL CASUALTY COMPANY-On | NUI | 8.00 |
| 5  | 06/07/2017 | 06/12/2017 | | |
| 6  | 06/07/2017 | CIT-ISSUED ON SEAN SMITH-On 06/12/2017 | NUI | 8.00 |
| 7  | 06/07/2017 | COURT COST (PAID) trans #6 | Y | 8.00 |
| 8  | 06/07/2017 | COURT COST (PAID) trans #5 | Y | 8.00 |
| 9  | 06/07/2017 | JURY FEE | N | 40.00 |
| 10 | 06/07/2017 | COURT COST (PAID) trans #9 | Y | 40.00 |
| 11 | 07/18/2017 | CIT RETURN-CONTINENTAL CASUALTY COMPANY B/S RE | I | 0.00 |
| 11 | 07/18/2017 | G | | |
| 11 | 07/18/2017 | AGENT C T CORP SYSTEM SERVED 7/12/17 | | |
| 12 | 07/18/2017 | CIT Tr# 5 RET EXEC(CONTINENTAL CASUALTY COMPAN | I | 0.00 |
| 12 | 07/18/2017 | Y) O | | |
| 12 | 07/18/2017 | n 07/12/2017 | | |

Total Number Of Records Printed:     12